OLIVER B. DORRANCE & *al.* *versus* EBENEZER HUTCHINSON.

It is not necessary that the notice to the adverse party that a deposition was to be taken, should be precisely in the form given in Rev. St. c. 133, § 11. It is sufficient, if it conforms thereto in substance.

Where the magistrate before whom a deposition is to be taken, adjourns the time of taking it because the deponent, although duly summoned, did not attend, under the provisions of Rev. St. c. 133, § 36, it is not necessary to give a new notice to the adverse party, where he had been duly notified of the time first appointed and did not attend.

If an attorney at law has been grossly negligent in the management of a demand entrusted to him for collection, and has promised to pay the amount to the creditor, an action may be sustained against the attorney without first making a demand of the money.

ASSUMPSIT to recover money collected by the defendant as an attorney, and to recover the amount of the debt on account of gross carelessness and negligence in the management of a demand in favor of the plaintiffs, left with the defendant for collection. Two suits were commenced in favor of the plaintiffs against Benjamin C. Atwood, and personal property was attached on each of the writs, sufficient to satisfy the judgments. The last judgment was recovered at June Term, 1835, and this suit was brought February 28, 1839.

The parties made a statement of facts in the form of a report of a trial, and agreed to submit the case for the opinion of the Court thereon.

The notice to the defendant that the deposition of Atwood was to be taken on February 23, 1842, to which objection was made by the defendant, was in the form prescribed in the statute, with the insertion of these words, in addition thereto, immediately preceding the words in the form, " You are hereby notified," &c. viz. " And if from any cause the deposition should not then be finished, I shall adjourn from day to day until it shall be finished." The caption to the deposition commenced thus: " Somerset, ss. February 28, 1842. On this 28th day of February, one thousand eight hundred and forty-two by adjournment from the 23d day of said February."

The facts in the case are found in the opinion of the Court.

*Codman & Fox*, for the plaintiffs.

*Howard & Osgood*, for the defendant.

The opinion of the Court was drawn up by

TENNEY J.—This is an action of assumpsit for money had and received; and also for not collecting and paying to the plaintiffs the amount of two notes of hand due to them from Benjamin C. Atwood, and which are alleged to have been sent to the defendant as an attorney at law for collection.

The deposition of B. C. Atwood is objected to because it is not taken according to the provisions of the statute; 1st, that the notice to the defendant is insufficient; and 2d that the deposition was not taken at the time appointed in the notice. The statute does not require that the form therein should be exactly pursued, but that it shall be in *substance* according to that form. The notice served upon the defendant is a compliance with the statute. The justice was present at the time and place appointed in the notice, but the deponent having neglected to appear although duly summoned, the justice adjourned the taking of the deposition to the day on which it was taken, and issued a capias against the deponent, who was brought in thereon. Every thing was done, which is required by the 36th section of chap. 133 of Rev. Stat. If the defendant had been present at the time he was notified to attend, he would have known of the adjournment; having neglected to be present at the time first appointed, he cannot complain, that he was not notified afterwards.

It appears from the records, that judgments were rendered in two actions in favor of the plaintiffs against said Atwood, at the June Term of the late Court of Common Pleas in the County of Somerset, in the year 1835, on notes of hand. Copies of the returns of the officer, who served the writs in those actions show, that a large amount of personal property was attached upon each. In a letter of the 19th Sept. 1836, to the plaintiffs, the defendant writes, that he will forward the balance of what may be due them as soon as obtained, or earlier by a convenient opportunity. And on January 28,

Dorrance *v.* Hutchinson.

1840, after this action was commenced, he writes that he will arrange it as it ought to be before the first of May.

The deposition of Atwood shows, that he was called upon by the defendant, who told him, that Dorrance & Ross had sent the demands to him to collect, and said he supposed he must collect them. He further testifies, that he paid money to the defendant at different times, but is unable to state the amount; that he left with him three executions, without directing the appropriation of the money, when it should be received.

We are satisfied from this evidence, that the defendant was an acting attorney at law, and that he received the notes, as alleged in the writ, for collection. That the copies of the record, and the facts stated by Atwood are *prima facie* evidence, that Atwood was of sufficient ability to pay the notes. More than three years elapsed after judgments were recovered upon those notes before this action was commenced; and as no evidence is offered to show any reason for the delay, we think the defendant is liable on the second count. The sum claimed is much less than the amount originally due from Atwood, and there is no evidence of the precise sums paid by the defendant.

Judgment must be entered for the plaintiffs for the sum claimed, and interest from the date of the writ.